UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK NY 10007

_____

| | |
|---|---|
| Taslima Begum | ) |
| | ) |
| Plaintiff | ) |
| | ) |
|         v. | )   Civil Action   No. TBD |
| | ) |
| Merrick Garland | ) |
| U.S. Attorney General, | ) |
| and | ) |
| | ) |
| Antony Blinken | ) |
| Acting Director | ) |
| United States Department of State | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

**COMPLAINT FOR MANDAMUS**

To the Honorable Judge of Said Court:

**INTRODUCTION:**

      This action is brought by the Plaintiff to compel the Defendant to adjudicate the application filed by Taslima Begum for an Immigrant Visa.  The application has been on file with the USCIS, the USDOS and the US Consulate in Dhaka, Bangladesh more than 1,313 days, since on or about December 29th, 2017, and the Defendant has refused to complete the case.  The Defendant has no legitimate explanation for this delay.

**PARTIES:**

      1.    The Plaintiff, Taslima Begum has a pending petition for an Immigrant Visa based on an approved I-130 Petition filed by her USC spouse.

      2.    The suit is also to protect the right of the spouse of Taslima Begum, Mahbubur Rahman.   On behalf of her husband, his wife invokes his right to family integrity, which is part of the Due Process Clause of the United States Constitution. See for, example, the discussion of

this right in *Morris v. Dearborne,* U.S. Court of Appeals, 5th Circuit, No. 98-40488, decided July 16, 1999.

3. The Defendant is the officer of the USCIS, an agency within the U. S. Department of Homeland Security, who is charged by law with the obligation of adjudicating applications— such as Plaintiff's— for Immigrant Visa.

**JURISDICTION:**

4. This is a civil action brought pursuant to 28 USC secs. 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendant and those working under him to perform duties he owes to the Plaintiff.

5. Jurisdiction is also conferred by 5 USC sec. 704. Plaintiff is aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC secs. 702 *et seq.*

6. The aid of the Court is invoked under 28 USC secs. 2201 and 2202, authorizing a declaratory judgment.

7. Costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq.*

**VENUE:**

8. Venue is proper in New York, NY, since the Defendant District Director has his principal place of business there.

**REMEDY SOUGHT:**

9. Plaintiff seeks to have the Court compel the US Consulate in Dhaka Bangladesh to adjudicate the Immigrant Visa, which is currently pending in Defendant's office.

**CAUSE OF ACTION:**

10. Although the Defendant has acknowledged that the Immigrant Visa case is filed and pending with his office, and although he has been requested on numerous occasions to proceed with the case and complete it, he has continuously failed and refused to do so.

11. There is no reason that Plaintiff is not qualified for the benefit sought. Even though the Consul may wish to investigate the case, there is no reason for the investigation to take this long.

12. Plaintiff asserts that the Defendant has no legal basis for failing to proceed with the case.

13. Plaintiff has no administrative remedies. There are no administrative remedies provided for neglect of duty.

14. Furthermore, the District Director, by failing to adjudicate the application, is denying Plaintiff the right to have the denial reviewed by this court.

15. Mandamus is appropriate because there is no other remedy at law. Plaintiff seeks to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

**PRAYER:**

Wherefore, Plaintiff prays that the Court compel the Consul in Dhaka Bangladesh to perform his duty to rule upon the Immigrant Visa filed by the Plaintiff, grants such other relief as may be proper under the circumstances, and grant attorney's fees and costs of court. Plaintiff further prays that if the decision is adverse to them, that the decision includes justification an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices of the INS.

Respectfully submitted,

Yaniv Lavy, Esq.

## LIST OF ATTACHMENTS

| Exhibit | Description |
| --- | --- |
| A | Copy of I-130 Approval Notice, Letter by the US Consulate dated 2.16.2021 and Plaintiff's Passport and Marriage Certificate. |

CERTIFICATE OF SERVICE

Taslima Begum                                         Case Number: DHK2018721058

     I, Yaniv Lavy, attorney at law, representing Plaintiff, Taslima Begum in the Captioned Mandamus Writ, hereby certify that I caused the true and complete copy of instant writ to be mailed upon the following person, under priority mail from US Postal Service, this 3rd day of August 2021 on:

US Consulate Dhaka Bangladesh
Via email: Support-Bangladesh@ustraveldocs.com

Monty Wilkinson – US Attorney General
950 Pennsylvania Avenue
NW Washington, DC 20530-0001

Antony Blinken – US Secretary of State
2010 Abidjan Pl
Washington, DC, 20521-2010

US DOS Legal Department
2201 C St NW
Washington, DC 20520

U.S. Department of Justice
950 Pennsylvania Avenue
NW Washington, DC 20530-0001

Byars, Michael
Special Assistant United States Attorney and
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007

_____
Yaniv Lavy, Esq.